UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WALKER,                    :
                                   :
            Plaintiff              :
                                   :
      v.                           :     CIVIL NO. 4:CV-06-709
                                   :
STEPHEN CHADWICK SMITH,            :
                                   :
                                   :     (Judge McClure)
            Defendant              :

## MEMORANDUM AND ORDER

April 24, 2006

## Background

      This pro se civil rights action was initiated by Michael Walker ("Plaintiff"),

an inmate presently confined at the United States Penitentiary, Lewisburg,

Pennsylvania ("USP-Lewisburg").  Plaintiff has submitted an application

requesting leave to proceed in forma pauperis, which will be granted.  For the

reasons set forth below, Walker's complaint will be dismissed, without prejudice,

as legally frivolous under 28 U.S.C. § 1915.

      Named as sole Defendant is Stephen Chadwick Smith, Esq.  Walker

describes Attorney Smith as having been appointed to represent him in a criminal

case during May, 1999.  <u>See</u> Record document o. 1, ¶ 1.   Plaintiff adds that

Smith's representation continued when his criminal case went to trial in December,

1999.  However, Walker alleges that he entered a guilty plea on the second day of

trial "because he believed that Attorney Smith wasn't giving him effective

assistance."  <u>Id</u>. at ¶ 3.  Three months later, Plaintiff purportedly informed the

Defendant that he wanted to withdraw his plea.  Attorney Smith allegedly

responded that "we can't do that."  <u>Id</u>. at ¶ 5.   According to the petition,

following a March, 2000 evidentiary hearing, it was concluded that Attorney Smith

had provided ineffective assistance.  Plaintiff seeks one hundred thousand dollars

as compensation for ineffective assistance, stress, mental anguish, and emotional

pain and suffering against the Defendant "for violating my constitutional rights to

the United States Constitution and my civil rights."  <u>Id</u>. at p. 1.

**<u>Discussion</u>**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in

federal court and wish to proceed *in forma pauperis*.  § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that (A) the allegation of poverty is untrue; or (B) the
> action or appeal (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]    In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit Court of Appeals added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In order to state an actionable civil rights claim, a plaintiff must plead two

---

[1]  Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 114-42 (3d Cir. 1990).

By way of background, Walker was indicted on federal drug charges in the Middle District of Pennsylvania and the matter was assigned to this Court.  See United States of America v. Walker, No. 4:CR-99-089-03.  Attorney Smith was appointed to provide representation to the Plaintiff under the Criminal Justice Act ("CJA").  On December 3, 1999, Walker entered a guilty plea to a second superseding indictment.  On July 6, 2000, this Court granted Plaintiff leave to withdraw his guilty plea and Attorney Smith was withdrawn as Walker's counsel.

Following the appointment of substitute counsel, Plaintiff again entered into a plea agreement on March 1, 2001.  He was sentenced as a career offender to a 260 month term of imprisonment.  His conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit.  See United States v. Walker, 69 Fed. Appx. 546 (3d Cir.  2003).

With respect to Walker's present claims, it is well-settled that public

defenders and court appointed counsel do not act under color of law for purposes of civil rights litigation when performing a traditional lawyer's functions to a defendant in a criminal proceeding. <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 n. 7 (1981); <u>Black v. Bayer</u>, 672 F.2d 309, 320 (3d Cir.), <u>cert. denied</u>, 459 U.S. 916 (1982). <u>Rankine v. Server,</u> 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does act under color of state law); <u>Figueroa v. Clark</u>, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed attorney represents only his client and not the state).

The allegations against Attorney Smith are entirely premised on actions taken during the course of the Plaintiff's criminal defense. Thus, under the standards announced in <u>Polk</u> and <u>Black</u>, Attorney Smith is not a properly named defendant for purposes of civil rights litigation.

Second, Walker was granted leave to withdraw his first guilty plea and the guilty plea which the Plaintiff eventually entered occurred after the representation by Attorney Smith had ceased. Thus, the complaint is baseless to the extent that it seeks to assert that Attorney Smith is somehow responsible for the criminal sentence now being served by the Plaintiff. Finally, it is also noted in <u>Allah v. Al-Hafeez</u>,  226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, 42

U.S.C. § 1997e(e) bars recovery of compensatory damages for emotional injury.[2]

Under the standards developed in <u>Al-Hafeez</u>, Walker's complaint to the extent that

it seeks to recover compensatory damages for emotional injury is also barred.

In conclusion, since the Plaintiff's complaint is "based on an indisputably

meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.

<u>Wilson</u>, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's application to proceed *in forma pauperis* is granted.

    2.    Plaintiff's complaint is dismissed without  prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

    3.    The Clerk of Court is directed to close the case.[3]

---

[2]  Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

[3]  The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on the Warden of USP-Lewisburg, as well as the Warden of any correctional facility to which Plaintiff is transferred.

4.     Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                      s/ James F. McClure, Jr.
                      JAMES F. McCLURE, JR.
                      United States District Judge